**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**JEREMY HOLDON GRACE**                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.  5:24-CV-P114-JHM**

**CHRISTIAN COUNTY JAIL DETENTION CENTER** *et al.*                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will allow one claim to proceed and will dismiss Plaintiff's other claims.

**I.**

Plaintiff is incarcerated as a convicted prisoner at what Plaintiff calls the Christian County Jail Detention Center but is actually the Christian County Jail (CCJ).  He brings suit against the CCJ, Christian County, CCJ Jailer Adam Smith, and Comprehensive Correctional Care (CCC).  Plaintiff sues CCJ Jailer Smith in his official capacity only.

Plaintiff makes the following allegations in the complaint:

3/07/24 [CCC] at [CCJ] failed to provide treatment after a request to see the doctor was placed by me over headaches that caused my face and eye to swell.  I still have not been seen by their physician.  They replied to me in my medical request    . . . "I will add you to the list again, please note that being added to the list does not mean that you will get to see the physician."  This was the second time I was added to the list and they refused to treat me.  I'm still suffering from these headaches and now a blurred vision in my left eye.  I've never suffered headaches to this degree.  There is no 24 hours medical at [CCJ] as well.  If something happens – there is no medical attention overnight.

As relief, Plaintiff seeks damages and release from incarceration.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Comprehensive Correctional Care

Based on Plaintiff's allegations, the Court will allow an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant CCC at this time. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

#### B. Christian County Defendants

As stated above, Plaintiff sues Christian County, the CCJ, and CCJ Jailer Smith. CCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). In this situation, Christian County is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Plaintiff's official-capacity claim against CCJ Jailer Smith is also actually against Christian County. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent

[] another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's claims against the CCJ and CCJ Jailer Smith in his official capacity are redundant to Plaintiff's claim against Defendant Christian County and will be dismissed for this reason.

As to Defendant Christian County, when a § 1983 claim is made against a municipality such as Christian County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691.

Here, Plaintiff has failed to allege that any Christian County custom or policy was the moving force behind the alleged violation of his constitutional rights.  Thus, the Court will dismiss Plaintiff's claim against Christian County for failure to state a claim upon which relief may be granted.

### C.  Injunctive Relief

Although Plaintiff indicates that he seeks injunctive relief in the form of release from incarceration, such relief is not available in a § 1983 action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, Plaintiff's claim for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

### D.  Amended Complaint

Finally, the *pro se* Plaintiff is advised that if/when he learns, through the discovery process, the names of any individual physician, nurse, or officer who was involved in the events set forth in the complaint, he may file an amended complaint in which he names these individuals as Defendants, sues them in their individual capacities, and describes the actions each took which allegedly violated his constitutional rights.

### IV.

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's claim against Christian County and his claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  **IT IS FURTHER ORDERED** that Plaintiff's claim against the CCJ and his official-capacity claim against CCJ Jailer Smith are **DISMISSED** as redundant to his claim against Christian County.

Because no claims remains against them, **the Clerk of Court is DIRECTED to terminate Christian County, the CCJ (which is listed as "Christian County Jail Detention Center" on the docket sheet), and CCJ Jailer Adam Smith as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the development of Plaintiff's continuing claim against Comprehensive Correctional Care.

Date: July 11, 2024

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendant Comprehensive Correctional Care
       West Kentucky Correctional Healthcare, LLC
       Christian County Attorney
4414.011

5